Dykman, J.
This action seeks specific performance of a written contract for the sale of real property and alternative relief, if the defendant cannot perform specifically.
The defendant insists upon his ability to execute the contract, and desires the compulsion of the plaintiff to carry out the same on his part.
The trial court found for the defendant, and directed the plaintiff to accept the property and complete his purchase upon the deduction from the purchase money of all unpaid taxes and assessments.
The plaintiff has appealed from the judgment, and assigned five objections thereto.
*599 The property in question was formerly owed by Jesse M. Baker, and he sold and conveyed the same to Edward S. Smith for $14,525, and received a purchase money mortgage for $6,217, of the consideration. That mortgage was -executed by Levi S. Chatfield, as the attorney in fact, Edward S. Smith, the grantee in the deed of conveyance, and Mary A. Smith, his wife, who then both resided in the state of Minnesota, under and in pursuance of two powers of attorney, properly executed and acknowledged, but not recorded until after the execution and delivery of the mortgage.
The power-of attorney of Mrs. Smith was full and ample "to authorize the execution of the mortgage, and was recorded on the 23d day of January, 1860.
That mortgage so given was afterwards assigned to the Hew York Exchange Bank and was foreclosed by action and the property was sold under the judgment in that action to Jesse M. Baker who received the regular conveyance from the sheriff of Kings county, who made the sale under the judgment in the foreclosure action. Jesse M. Baker afterwards conveyed the premises to Charles S. Baker, the defendant in this action
Objection is lodged against the sufficiency of- the power of attorney of Mrs. Smith to authorize a conveyance of her inchoate right of dower by her attorney named therein but the objection is baseless.
When a married woman residing out of this state joins with her husband in the execution of a power of attorney for the conveyance of real estate situated in this, the «conveyance executed in virtue of such power has the same force and effect as if executed by such married woman in her proper person. 2 R. S. (6th ed.), 1151, § 75. The proviso in the statute requires the proof or acknowledgement of the power of attorney to be in accordance with the pro ■ visions of the Revised Statutes in relation to conveyances executed by married women residing out of this state and that was so in this case. 2 R. S. (6th ed.), 1145, § 29.
While it is true no mention is made in terms or the inchoate right of Mrs. Smith in the power of attorney yet such was all the right she had in the premises in question and the power of attorney authorized the attorney to take possession of lands in which she was interested and sell, mortgage or otherwise dispose of the same, and was, therefore, sufficiently comprehensive to authorize a conveyance or mortgage of the premises in question.
There are two other answers to this objection: First The right of dower of Mrs. Smith was subject to this pur: chase money mortgage; and, second, Mrs. Smith subse *600 quently executed a quit-claim deed of her interest in the premises.
Another objection of the plaintiff relates to the regularity of the proceedings to foreclose the mortgage, but this allegation of error requires the expenditure of neither time nor labor. The objection is pointed especially towards the service upon S. Smith and wife and relates to the insufficiency of the affidavit and order for the service upon them of the summons by publication. But the affidavit was sufficient, and the service was properly made under the order.
Besides this, the sale and the sheriff’s deed under the foreclosure judgment were made in 1863, and this action was not commenced until the year 1886, and the property was held adversely to the mortgagors, Mr. and Mrs. Smith, during all that time.
Another objection raised against the title of the defendant is based upon the following facts: While Jesse M. Baker held the title he acquired under the foreclosure sale, he became the co-partner in business of Smith S. Eaton, and they both executed a general assignment of their property for the benefit of their creditors to Justus Baker and Silas B. Butcher. Subsequent to the execution and delivery of the assignment, all the creditors of the assignors were paid in full, and all persons holding claims joined in releases whereby the property so assigned was released from the operation of such assignment, and, the assignees were empowered and directed to reconvey and deliver up to the assignors all the real and personal property conveyed to the assignees by the assignment.
Thereupon the assignees reconveyed the premises in question to Jesse M. Baker, one of the assignors, by quit-claim deed, dated March 16, 1866.
All the original creditors did not execute the consent to the reconveyance by the assignees, but the explanation is that those creditors whose names are not upon the release had assigned their claims to others, and that all the indebtedness is represented by the persons whose names appear,
Then it is claimed that Smith S. Eaton, the co-partner of Jesse M. Baker, acquired and held some interest in this real estate, but the claim is frivolous.
The unpaid taxes are provided for in the judgment, which fully protects the plaintiff in that respect, and he can neither object to the title on that account, nor for any want of a technical demand of the purchase money or a tender of the deed.
The exceptions of the plaintiff during the trial have all received careful attention and found to present-no errors.
We think, however, the judgment should be modified by *601 striking out that portion thereof which dismisses the plaintiff’s complaint, and as so modified the judgment should be affirmed with costs.
Barnard, P. J., concurs. Pratt, J. not sitting.